IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE FEBUS MARRERO, et al. | * |
| Plaintiffs | * Civil No. 97-2478(SEC) |
| v. | * |
| NAVIERAS NPR, INC., et al. | * |
| Defendants | * |

**OPINION AND ORDER**

This action stems from an accident in which Iván Febus Maldonado (hereinafter "Febus Maldonado" or the "decedent") was killed while unloading cargo from a vessel owned by defendant Navieras NPR, Inc. (hereinafter "Navieras"). Pending is Navieras's motion for summary judgment on the ground that it is immune from suit under the Puerto Rico Workmen's Accident Compensation Act (PRWACA), P.R. Laws Ann. tit. 11, §§ 1 *et seq.* (1997). Because the Court concludes that there are no material facts in dispute and that Navieras is entitled to judgment as a matter of law, it grants Navieras's motion (**Docket # 10**) and dismisses this action with prejudice.

**Summary Judgment Standard**

A district court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Dávila-Pérez v. Lockheed Martin Corp., 202 F.3d 464, 466 (1st Cir. 2000). "Summary judgment is appropriate only if the evidence taken in th[e] light [most favorable to the non-moving party] 'fails to yield a trial worthy issue as to some material fact.'" Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999).



AO 72A
(Rev. 8/82)

Civil No. 97-2478(SEC)                                                                                                    2

**Background**

The following facts are not in dispute. On October 8, 1996, Febus Maldonado was working for Navieras at Pier H in Puerto Nuevo, Puerto Rico (a dock administered by Navieras), unloading containers cargo from a vessel owned by Navieras, and helping to affix such containers to trucks (also owned by Navieras) waiting in line on the dock. Febus Maldonado was hit by one of these trucks and died.

On October 6, 1997, invoking diversity jurisdiction the decedent's parents and various other relatives filed this action against Navieras for damages under Puerto Rico's tort statute, P.R. Laws Ann. tit. 31, § 5141 (1990). In their complaint, plaintiffs claim that Febus Maldonado's death resulted from Navieras's negligence in failing to provide a safe workplace. On February 12, 1999, Navieras moved for summary judgment on the ground that it is immune from suit under article 20 of the PRWACA, P.R. Laws Ann. tit. 11, § 21 (1997).

**Applicable Law/Analysis**

The PRWACA establishes a compulsory and exclusive insurance scheme to compensate workers and employees who become injured, disabled or die as a result of an accident occurring during the course of their work or employment. See López-Pons v. Corporación del Fondo del Seguro del Estado, 98 T.S.P.R. 135, 1998 WL 870849, at *3 (Oct. 16, 1998). A worker or employee is entitled to compensation under the PRWACA if the accident (1) arises from any act or function of the workman or employee, (2) is inherent to the work or employment of the worker or employee, and (3) occurs during the course of such work or employment. See P.R. Laws Ann. tit. 11, § 2 (1997); Díaz Ortiz v. Fondo del Seguro del Estado, 126 P.R. Dec. 32, 38 (1990). Every employer comprised under the provisions of the PRWACA is required to insure its workers or employees with

AO 72A
(Rev. 8/82)

**Civil No. 97-2478(SEC)**                                                                 3

the Puerto Rico State Insurance Fund. See P.R. Laws Ann. tit. 11, § 19 (1997); Martínez Rodríguez v. Bristol Myers Barceloneta, Inc., 99 T.S.P.R. 6, 1999 WL 194538, at *4 (Jan. 26, 1999). "[W]hen an employee suffers an injury, illness or is disabled or dies as a result of 'any act or function inherent in [his] work,' and his employer is insured according to law, his right to compensation is limited to the statutory compensation offered through the State Insurance Fund." Santiago Hodge v. Parke Davis & Co., 126 P.R. Dec. 1, 8 (1990) (reprinted in Santiago Hodge v. Parke Davis & Co., 909 F.2d 628, 636 (1st Cir. 1990)). Accordingly, the employer is immune from tort liability, "regardless of [its] degree of negligence." Id. See also Martínez Rodríguez, 1999 WL 194538, at *4. This limitation applies also in cases involving allegations that the employer failed to provide a safe workplace. See Hernández Sánchez v. Bermúdez & Longo, S.E., 99 T.S.P.R. 156, 1999 WL 977235, at *3 (Oct. 14, 1999).

This is the protection that Navieras invokes in this case. It alleges, in essence, that Febus Maldonado's death occurred while he was working for Navieras, and because Navieras was an insured employer at the time of the accident, it is immune from suit. Plaintiffs counter that Navieras was neither a direct nor a "statutory employer" in relation to Febus Maldonado, and thus not immune from tort liability, because Febus Maldonado was working illegally at the time of the accident. Plaintiffs assertion is based on the theory of a labor conspiracy between Navieras's supervisors, and union and non-union stevedores. According to plaintiffs, the elements of this conspiracy are the following.

Generally, a hiring hall system is organized with a union representing stevedores. The union is supposed to make stevedores available in "gangs" to shipping companies like Navieras. The union normally prepares a list of the stevedores comprising the gang that will be available on a certain day.

AO 72A
(Rev. 8/82)

**Civil No. 97-2478(SEC)**                                                                 4

The companies are supposed to have this list and use it to recruit the stevedores. On any given day, gang members stand at the gate to a company's dock, waiting to be called upon to come inside and start working. Upon properly identifying him or herself, each union member is given a token (in Spanish, *chapa*) by the company supervisor. This *chapa* authorizes the stevedore to go to the dock and perform the day's work. The supervisor keeps the member's identification card and uses it to prepare the day's payroll, since stevedores are paid on a daily basis.

According to plaintiffs, an illegal practice called *chapeo* (a verbalization of the noun *chapa*, which literally translated would mean "toking") takes place every day on the docks of Puerto Rico, including Navieras's. The scheme goes like this. After leaving his or her identification card with the company supervisor, a *bona fide* gang member gets a *chapa* and gives it ("shares" it, as the conspirators call it) to a non-union member. The non-union member then goes to the dock and does the work. At the end of the day, both share the pay. Company supervisors get a tip for their silence. Plaintiffs assert that Navieras approves and acquiesces to this illegal practice, because, generally, the non-union member is a younger person "who would do any kind of work and accept whatever condition the company imposes." (**Docket # 14**, Plaintiffs' Opposition to Defendant's Statement of Uncontested Material Facts, at ¶ 6).

Plaintiffs contend that Febus Maldonado "was not a member of the Union and/or Hiring Hall and [Navieras] was not protected by the Puerto Rican Law of the State Insurance Fund . . . in regards to the work that he was doing when he was killed. He was not a legal member of the crew and [Navieras] knew it." (**Docket # 14**, at ¶ 6). According to the plaintiffs, on the day of the accident, Febus Maldonado "was sharing the 'chapa' . . . with Mr. Rafael Suárez Robles, who was a Union

Civil No. 97-2478(SEC)                                                                                              5

member and a Hiring Hall envoy and who was insured by [Navieras]." (**Id.**). Navieras does not dispute these allegations.

It must be noted that in their opposition to the instant motion, plaintiffs only elaborate on the doctrine of "statutory employer." This doctrine is the result of an interpretation by the Supreme Court of Puerto Rico of article 19 of the PRWACA, P.R. Laws Ann. tit. 11, § 20 (1997). See Martínez Rodríguez, 1999 WL 194538, at *5; Santiago-Hodge v. Parke Davis & Co., 859 F.2d 1026, 1029 (1st Cir. 1988). "A statutory employer is the one who contracts the services of another company, and therefore, of its workers. In this way, such workers have a direct or real employer–which is the one with whom they contracted–and an indirect or statutory employer, which is the one their direct or real employer contracted with." Martínez Rodríguez, 1999 WL 194538, at *6 (translation ours). A statutory employer is immune from suit, as a direct or real employer would be, if it complies with its insuring obligation under the PRWACA regarding the workers of employees of the direct or real employer, or if the direct or real employer has already complied with its statutory obligation. See id. Plaintiffs' opposition is sort of a preemptive strike at the possibility of Navieras raising the issue that it was a statutory employer in regard to Febus Maldonado; the union member who shared his *chapa* with Febus Maldonado being the direct or real employer. However, since the Court concludes that Navieras may be considered a direct or real employer, and therefore an insured and immune employer under the PRWACA, it is not necessary to address plaintiffs' arguments pertaining to the statutory-employer doctrine.

    Article 38 of the PRWACA defines "workman or employee" as

    any person in the service of any individual, partnership, or corporation regularly employing workmen included under the provisions of this Chapter; Provided, That workmen and employees whose work is of a temporary or casual nature and is not

> included under the business, industry, profession or occupation, those who work in their homes, and those whose employers are exempt from the obligations imposed by this Chapter, are expressly excluded.

P.R. Laws Ann. tit. 11, § 39 (1997). Under this article any person working or employed by an employer is a worker or an employee under the PRWACA, as long as he or she receives any form of compensation, see Hernández López v. Comisión Industrial, 100 P.R. Dec. 1001, 1003 (1972), and the service rendered is not "of a temporary or casual nature and is not included under the business, industry, profession or occupation," P.R. Laws Ann. tit. 11, § 39 (1997). In assessing whether a certain work may be considered of a temporary or casual nature, the court must generally consider (1) the period of duration of the work performed, (2) the cost to the employer, (3) the type or nature of the work performed, and (4) its relation to the business or industry of the employer. See Pagán Ramos v. F.S.E., 129 P.R. Dec. 888, 907 (1992). The court must keep in mind, however, that "the issue is whether the work is casual, not whether the worker or employee is casual . . . ." Arraiza Iglesia v. Comisión Industrial, 85 P.R. Dec. 14, 17 (1062) (translation ours). Thus, "[t]he fact that the work [i]s not always performed by the same person does not destroy the concept of regularity in performing the work." Widow of Alfonzi v. Industrial Commission, 93 P.R.R. 801, 803 (1966).

In this case, the following facts are not disputed: (1) that at the time of his death, Febus Maldonado was working as a stevedore for Navieras (**Docket # 1**, at ¶ 13; **Docket # 14**, Plaintiffs' Opposition to Defendant's Statement of Uncontested Material Facts, at ¶ 3; **Docket # 19**, at 2); (2) that at the time of his death Febus Maldonado had been working as a stevedore for Navieras for several days (**Docket # 1**, at ¶ 14; **Docket # 14**, Plaintiffs' Opposition to Defendant's Statement of Uncontested Material Facts, at ¶ 7); (3) that Febus Maldonado would earn approximately $3,000 a month as a stevedore for Navieras, even after sharing payment with a union member under the

Civil No. 97-2478(SEC)                                                                                              7

*chapeo* scheme (**Docket # 1**, at 16); and (4) that stevedoring is a work regularly performed during the course of Navieras's business (**Docket # 14**, Plaintiffs' Opposition to Defendant's Statement of Uncontested Material Facts). These facts are enough to conclude that Febus Maldonado could be considered a workman or employee of Navieras under the PRWACA.

Plaintiffs' argue that Febus Maldonado cannot be considered a worker or employee of Navieras under the circumstances of this case, because (1) his name was not included in the payroll of Navieras, and (2) his work for Navieras was illegal. Both of these issues have been addressed by the Supreme Court of Puerto Rico. In Widow of Alfonzi the employer was the owner of certain property who for many years had hired a gardener to tend the property's garden for two or three days every three months. Sometimes, when the gardener could not show up for work, he hired a substitute. One of these substitutes suffered an accident while working at the garden. The State Insurance Fund determined, and the Industrial Commission affirmed, that the accident was a labor accident, but that the owner of the property was not an insured employer under the PRWACA. The Supreme Court reversed holding that the PRWACA "requires that the employer maintain a policy to protect not a determined worker or group of workers, but to protect any worker who performs certain work." 93 P.R.R. at 803. According to the Court, "the protection which the law intended to give would be thwarted if we should determine that a worker was not covered by it because different workers on different occasions performed the same work." Id. As to plaintiffs' second contention, the Supreme Court of Puerto Rico in Pratts v. Superior Court, 97 P.R.R. 355 (1969) held that the fact that the work performed could be considered illegal does not foreclose coverage under the PRWACA, as long as there is a causal nexus between the injury and the occupation of the worker or employee. These results are only logical, since it would be unjust to deny PRWACA coverage

to a person from whose work an employer has benefitted, merely because that person was not the one who regularly performed such work, or because such work could be considered illegal. But the law works both ways, and when the employer is insured by the State Insurance Fund, it is immune from suit even when an occasional or illegal worker suffers a labor accident.

**Conclusion**

For the foregoing reasons, the Court concludes that Navieras is immune from suit in regard to the Febus Maldonado's death while working in its premises as a stevedore. Navieras is, therefore, entitled to judgment as a matter of law. Accordingly, Navieras's motion for summary judgment (**Docket # 10**) is hereby **GRANTED**, and this case **DISMISSED** with prejudice. Judgment shall follow accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2000.

SALVADOR E. CASELLAS
United States District Judge

AO 72A
(Rev. 8/82)